Peatlson, J.
 

 The title of the slaves vested in Lewis Belcher, Petway and Sugg, as tenants in common.
 
 Pitt
 
 v
 
 Petway,
 
 at this term. After the delivery to Lewis Belcher, he conveyed all of “his interest” to the plaintiffs in trust, and afterwards one of the plaintiffs, Franklin Pitt, delivered the two slaves, now sued for, to the defendant, the jailor of Pitt county, to be kept for the said Franklin until he called for them. The defendant afterwards delivered them to one Petway, one of the tenants in common ; so that when called on for them by Pitt, he was not able to deliver them, and this action is brought by the two Pitts, to whom they were conveyed by Lewis Belcher.
 

 On the trial the plaintiffs proved the bailment by Franklin Pitt to the defendant, and his failure to deliver the slaves on demand. They then read in evidence the deed from Lewis Belcher to them, and proved the value of the slaves, and rested the case. The defendant' offered to show, that Petway was a tenant in common with the plaintiffs, and
 
 *78
 
 that, on demand, he had delivered the slaves to him. His Honor rejected this evidence, being of opinion, that the defendant was bound as bailee, and could not be heard to deny the title of the plaintiffs. There is error.
 

 If Franklin Pitt had sued on the contract of bailment, it may be, that the defendant would have been bound by it, and estopped from showing the facts ; for, although a bailee may excuse himself by proving that he delivered the article .on-Remand to the true owner, this is on the ground that he cbuld have been eBte'iyd1 by the true owner to deliver the article,.and it was not worth while to stand a suit. But when a bailment is made by a tenant in common and the-bailee undertakes to hold for him and subject to his order-alone, the bailee cannot excuse himself by showing a delivery to the other tenant in common ; for he could not have-compelled him to do so by action, and there was, consequently, no necessity for it.
 

 In this case the action is trover by the two Pitts, and although the case states, they declared in trover “ on a bailment,’1 that can make no difference ; for the gist of the action is, that the defendant, being in posession of the property, converted it wrongfully. To sustain the action in the-name of the two, it was necessary to depart from the spe--cial bailment, and rely on the title to show, that by implication of law, the bailment was made by the
 
 ovmers.
 
 This opened the whole title; and the same implication which let in Bennet Pitt, (and which was necessary to sustain the action in the name of the two,) also let in Sugg and Pet-way, as part owners and parties to the contract of bailment, and so the defendant delivered the property to one of the-parties to the contract; which is a defence available under-the general issue, because it is a performance of the terms, of the bailment.
 

 
 *79
 
 The idea, that there ought to have been a plea in abate* ment for non-joinder, has no bearing.
 

 Per Curiam. Judgment reversed, and a
 
 venire de novo.